This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38740**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOEL DE LOS REYES,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Benjamin Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Smith, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge, retired, sitting by designation.**

**{1}** Defendant Joel De Los Reyes appeals his conviction of multiple charges related to driving while intoxicated with his daughter in the car. He argues: (1) the district court abused its discretion when ruling the State was permitted to ask Defendant about his prior convictions and experience with standardized field sobriety tests (SFSTs) if he testified; (2) the State committed prosecutorial misconduct by telling the jury Defendant lied to the arresting officer; and (3) cumulative error requires reversal. We affirm.

**{2}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve discussion of specific facts where necessary to our analysis.

## DISCUSSION

### I. Defendant's Rule 11-404(B) NMRA Argument is Unpreserved

**{3}** At trial, defense counsel extensively cross-examined the State's only witness, the arresting officer, about both SFSTs and Defendant's interaction with the officer while he was performing the SFSTs before Defendant's arrest. After the close of the State's case, defense counsel informed the district court that Defendant had two out- of-state misdemeanor driving while intoxicated convictions and two out-of-state felonies, including one driving while intoxicated with a child under fifteen in the vehicle and that it wanted to make a motion in limine. Defense counsel asked the district court and the State if Defendant were to testify, whether the State would cross-examine Defendant on those prior convictions so he could advise his client if he should testify. The State responded that if Defendant took the stand and opened the door to questioning, the State would ask Defendant about those convictions based on defense counsel's extensive questioning of the officer regarding the SFSTs.

**{4}** The district court determined that based on defense counsel's questioning of the arresting officer regarding SFSTs, defense counsel would "be given limited latitude as far as opening that door." Though defense counsel clarified he would not ask Defendant questions about the SFSTs, the district court responded that any reference by Defendant that he was not impaired would open the door to questioning about his prior convictions. Defendant decided not to testify.

**{5}** Now, on appeal, Defendant argues that his motion in limine aimed to prevent prejudicial propensity evidence—his prior convictions—from being presented to the jury, pursuant to Rule 11-404(B), and that the district court abused its discretion by allowing the State to ask about the prior convictions if Defendant testified. The State argues Defendant failed to preserve this issue. We agree that the issue was not preserved.

**{6}** "In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the [district] court of the nature of the claimed error and invokes an intelligent ruling thereon." *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 (internal quotation marks and citation omitted); *see* Rule 12-321(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the trial court was fairly invoked."). "We generally do not consider issues on appeal that are not preserved below." *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 (internal quotation marks and citation omitted). Defendant's objection at trial regarding the State's use of his prior charges and convictions made no mention of Rule 11-404(B). As the State notes, Defendant also did not argue the prior charges and convictions were irrelevant, improper character evidence, or that the probative value was substantially outweighed by the danger of unfair prejudice.

**{7}** Defendant's general objection to the use of the prior convictions unless defense counsel "opens the door" and his argument regarding which types of questions opened the door were insufficient to alert the district court Defendant was objecting based on Rule 11-404(B). We therefore hold that Defendant's argument on appeal was unpreserved. *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 11, 143 N.M. 455, 176 P.3d 1187 ("In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the [district] court to the claimed error or errors, and that a ruling thereon then be invoked." (internal quotation marks and citation omitted)).

**{8}** Because we determine Defendant's argument regarding Rule 11-404(B) was unpreserved, we need not reach his request that we determine that a defendant need not testify to preserve an adverse evidentiary ruling for appellate review. *See State v. Ordunez*, 2012-NMSC-024, ¶ 22, 283 P.3d 282 ("It is not within the province of an appellate court to decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded." (alteration, internal quotation marks, and citation omitted)).

## II. The State Did Not Commit Prosecutorial Misconduct

**{9}** After the officer witnessed the car Defendant was driving make an illegal U-turn and drive over the center line and the line on the right shoulder of the road several times, the officer switched on his emergency lights to pull over the car. Once the car completed its stop, the officer saw a blue aluminum beer can fly out from the car's passenger window. During the stop, Defendant denied throwing the can of beer out the window. Defendant's daughter, who was sitting in the passenger seat, also initially denied that Defendant threw the beer can out of the window. After the officer pressed her for the truth, Defendant's daughter stated Defendant threw the beer can out of the window, and testified as such at trial. After being arrested, Defendant again denied throwing the beer can. The officer then retrieved the beer can and noticed it was not dusty and it still had liquid in it.

**{10}** During the stop, Defendant initially repeatedly stated he had nothing to drink that night, but after questioning, Defendant admitted to drinking one beer. Defendant's daughter testified that Defendant drank two beers earlier that day. Defendant's mother testified that Defendant drank four beers earlier that day.

**{11}** During closing arguments, when the State was laying out the facts that proved Defendant was impaired to the slightest degree, the prosecutor said, "[D]efendant lied about throwing the beer can out. Again consciousness of guilt. He knows what's going to happen, he knows what's going to be happening when he gets caught with that beer." Defendant did not object at this statement. Later, while continuing to argue Defendant was impaired to the slightest degree, the prosecutor stated, "Next clip, we have the officer talking to the defendant, not only about the beer can which he lies about, but also about how much he's had to drink. And what does he do? [D]efendant lies about throwing the beer can." Defendant objected to this statement, arguing that calling

Defendant a liar was inflammatory. The State responded that it could not call Defendant a liar, but could say Defendant was lying based on the evidence. The district court determined that the comments were argument and allowed them. After the district court's ruling, the prosecutor referenced that Defendant was not telling the truth multiple times in the remainder of its closing argument and rebuttal closing argument.

**{12}** On appeal, Defendant argues that the State committed prosecutorial misconduct by telling the jury Defendant lied, and this deprived Defendant of a fair trial. We review a district court's ruling on a timely preserved objection for prosecutorial misconduct for abuse of discretion "because the [district] court is in the best position to evaluate the significance of any alleged prosecutorial errors." *State v. Allen*, 2000-NMSC-002, ¶ 95, 128 N.M. 482, 994 P.2d 728 (internal quotation marks and citations omitted). When a defendant does not object, we review for fundamental error. *State v. Carrillo*, 2017-NMSC-023, ¶ 50, 399 P.3d 367.

**{13}** For both abuse of discretion and fundamental error, "[w]e review comments made in closing argument in the context in which they occurred so that we may gain a full understanding of the comments and their potential effect on the jury." *State v. Smith*, 2001-NMSC-004, ¶ 38, 130 N.M. 117, 19 P.3d 254 (internal quotation marks and citation omitted); *see State v. Salazar*, 2018-NMCA-030, ¶ 62, 458 P.3d 485 (following the same standard when reviewing for fundamental error). Both the prosecution and defense are permitted wide latitude during closing, and "the [district] court has wide discretion in dealing with and controlling closing argument." *Id.* (internal quotation marks and citation omitted). "A prosecutor's remarks must, however, be based on the evidence or made in response to the defendant's arguments." *State v. Sena*, 2018-NMCA-037, ¶ 13, 419 P.3d 1240, *aff'd in part, rev'd in part*, 2020-NMSC-011, 470 P.3d 227.

**{14}** Defendant argues that the comment was improper because the prosecutor asserted his "own personal belief." We are not persuaded the prosecutor's comments asserted his personal belief about the truthfulness about Defendant. *Cf. State v. Pennington*, 1993-NMCA-037, ¶¶ 26-27, 115 N.M. 372, 851 P.2d 494 (concluding that improper prosecutorial vouching occurred where the prosecutor referred to her ethical obligations as a prosecutor, then asserted that a witness was not lying). While the prosecutor both said Defendant lied and stated Defendant's comments were untruthful, there was conflicting witness testimony about how much Defendant had to drink and if Defendant threw the beer can out the window. The prosecutor's statements were therefore permissible based on the evidence before the jury. *See State v. Dominguez*, 2014-NMCA-064, ¶ 25, 327 P.3d 1092 ("Where a case essentially revolves around which of two conflicting stories is true, a party may reasonably infer, and thus argue, that the other side is lying." (internal quotation marks and citation omitted)).

**{15}** Because we find no error, we need not address Defendant's arguments regarding cumulative error.

**CONCLUSION**

**{16}** We affirm.

**{17}   IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge,
retired, sitting by designation.**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**